## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Katherine A.
**Petitioner Below, Petitioner**

**v.) No. 24-488 & 25-11** (ICA Nos. 23-ICA-427 and 23-ICA-462; 24-ICA-213)

Jerry A.
**Respondent Below, Respondent**


### MEMORANDUM DECISION


Petitioner Katherine A. appeals the memorandum decision of the Intermediate Court of Appeals ("ICA") affirming the Family Court of Ohio County's August 28, 2023, order allocating custody and its October 5, 2023, denying her motion to reconsider the prior order. *See Katherine A. v. Jerry A.*, Nos. 23-ICA-427 and 23-ICA-462, 2024 WL 3581316 (W. Va. Ct. App. July 30, 2024) (memorandum decision). She also appeals the ICA's memorandum decision affirming the family court's April 29, 2024, order regarding attorney's fees.[1] *See Katherine A. v. Jerry A.*, No. 24-ICA-213, 2024 WL 5002997 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision). On appeal, the petitioner challenges the family court's orders designating the respondent father as the primary residential parent and custodian and awarding him attorney's fees and the ICA's affirmance of the family court's decisions.

The parties married in 2008 and share two children. In 2022, the petitioner asked the respondent to move, as a family unit, to Alexandria, Virginia, so she could accept a new job. The respondent declined, and the petitioner filed for divorce. On August 17, 2022, the family court entered a final order allocating custody and named the respondent the custodial parent. The petitioner appealed this decision to the ICA, which remanded the matter back to the family court for "a full and meaningful analysis of the best interests of the children and a full and meaningful analysis as to whether reasonable alternative[s] to [the petitioner's] relocation existed." *Katherine A. v. Jerry A.*, 248 W. Va. 672, 684, 889 S.E.2d 754, 766 (Ct. App. 2023).

After remand, the family court entered an order on August 28, 2023, undertaking the analysis requested by the ICA. In that order, the family court found that it was in the children's best interest to remain with the respondent in West Virginia and that the petitioner did not seek reasonable alternatives prior to accepting a job offer in Alexandria, Virginia, and failed to prove that relocation was in the children's best interests. The family court ultimately designated the respondent as the children's primary residential parent and custodian. Thereafter, the petitioner

---

[1] The petitioner appears by counsel Elgine Heceta McArdle. The respondent appears by counsel Gerasimos Sklavounakis.

1

filed a motion to reconsider the August 28, 2023, order, which the family court denied by order entered on October 5, 2023. The court rejected the petitioner's argument that the 2015 version of West Virginia Code § 48-9-403 was controlling, noting that the ICA instructed that the current version was clearly in effect at the time of the August 2022 hearing. The petitioner appealed these orders to the ICA, and, while those matters were awaiting decision, the parties litigated attorney's fees in family court. This resulted in the family court awarding the respondent attorney's fees via order entered on April 29, 2024. The petitioner also appealed this decision to the ICA. Ultimately, the ICA affirmed all of the family court's rulings.

On appeal of a family court's final order from the ICA, this Court reviews the family court's findings of fact for clear error, the family court's application of the law to the facts for an abuse of discretion, and questions of law de novo. Syl. Pt. 3, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024). Before this Court, the petitioner first contends that the family court erred by ignoring the manifest weight of the evidence that she should have been designated the children's primary residential parent and custodian, despite her relocation.[2] The respondent counters that the family court correctly found that the petitioner failed to prove that relocation was in the children's best interests or that she sought out reasonable alternatives to relocation. The petitioner also argues that the family court erred by awarding the respondent attorney's fees and that its ruling lacks the factual sufficiency for meaningful appellate review. The respondent replies that the family court made sufficient findings and performed the requisite analysis. Having considered the record and the briefs, we find no reversible error and therefore summarily affirm the ICA's decisions. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED**: June 24, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick

---

[2] The petitioner further argues that the family court erred by judicially noticing facts not in the record. However, she fails to provide a citation to the appendix record where she raised the issue below. Thus, we decline to consider her argument in this regard. *See* W. Va. R. App. P. 10(c)(7) (permitting the Court to disregard errors that are not supported by "appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal").

**DISSENTING:**

Justice James W. Flanigan

**Flanigan, Justice, dissenting:**

     I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the errors alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.